UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| KRYSTAL TATE LAYNE, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 1:04-CV-77/ 1:01-CR-42<br><br>Chief Judge Curtis L. Collier |

## **M E M O R A N D U M**

This matter comes before the Court on the motion of *pro se* petitioner Krystal Tate Layne ("Petitioner") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1, "Petition"). Petitioner did not file an additional memorandum in support of her Petition but did file a "Petition for Issuance of a Certificate of Appealability" (Court File No. 2). Pursuant to the Court's Order (Court File No. 4), the United States filed a response to Petitioner's motion (Court File No. 5, "Government's Response"). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Petitioner is not entitled to relief on the claims asserted in her Petition. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943, 113 S. Ct. 2423, 124 L. Ed. 2d 644 (1993), and will **DENY** Petitioner's

---

[1] In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioners § 2255 motion, which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Petitioner's conviction in Criminal Docket No. 1:01-CR-42, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

motion for the reasons stated herein.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner, along with co-defendants William Dick and Bryan Ritchie, was charged in a one-count indictment on March 13, 2001. The indictment charged on February 21, 2001, Petitioner and codefendants attempted to commit violations of 21 U.S.C. § 841(a)(1), to manufacture methamphetamine, a Schedule II controlled substance; in violation of 21 U.S.C. § 846 (Crim. Court File No. 24).

Petitioner was arrested on February 21, 2001. On February 22, 2001, Petitioner appeared before United States Magistrate Judge William B. Mitchell Carter and was ordered temporarily detained without bond (Crim. Court File Nos. 4, 12). At a detention hearing on February 28, 2001, Petitioner was released on an unsecured bond to reside at the Salvation Army Halfway House (Crim. Court File Nos. 7, 13, 14). On March 6, 2001, Petitioner's bond was revoked as a result of alcohol consumption and an altercation with another resident while in the Salvation Army Sanction Center (Crim. Court File Nos. 22, 23).

On May 18, 2001, Petitioner appeared before the Court and pleaded guilty to the indictment, pursuant to the terms of a written plea agreement with the Government (Crim. Court File Nos. 35, 36). Petitioner stipulated to the following facts in the Plea Agreement:

> On February 21, 2001, officers executed a search warrant at [co-defendant] Dick's apartment in Hamilton County, Eastern District of Tennessee. [Co-defendant] Ritchie had ephedrine hidden in his pants and Layne had methamphetamine hidden in her mouth. Various items used to make methamphetamine were scattered all over the small apartment, including Dick's bedroom. Dick arrived several minutes after the officers executed the warrant. The police had, several days earlier, made a controlled purchase of methamphetamine from this apartment from a different female occupant. Investigation by police and interview of witnesses disclosed that Dick,

2

> Ritchie, and Layne had agreed to manufacture methamphetamine at the apartment and had in fact done so on more than one occasion. Dick provided the location and shared in the finished product, while Ritchie and Layne acquired the chemicals.

(Crim. Court File No. 36, ¶ 8). On October 5, 2001, Petitioner was sentenced to 87 months (Crim. Court File Nos. 40, 44).

Petitioner timely filed a Notice of Appeal on October 16, 2001 (Crim. Court File No. 46). Petitioner appealed the district court's denial of Petitioner's in-court objections to the application of USSG § 2D1.1(b)(6) to the calculation of her sentence. The Sixth Circuit found no merit to Petitioner's claim and therefore affirmed the judgment of the district court (Crim. Court File Nos. 57, 58). The mandate was issued April 28, 2003. On October 6, 2003, the Supreme Court denied Layne's petition for writ of certiorari. *Krystal Tate Layne v. United States*, 124 S.Ct. 270 (2003).

On March 8, 2003, Petitioner timely filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct her sentence (Court File No. 1). Petitioner now raises three arguments attacking the judgment in her case (Court File No. 1 at 1-3). For the reasons stated below, the Court will **DENY** Petitioner's motion, finding these claims provide no basis to grant her Petition.

## II. STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court which imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

3

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 1721-22, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a Petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

Implicit in Petitioner's claims are allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

> functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687, 104 S. Ct. at 2064. As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S. Ct. 2574, 2586, 91 L. Ed. 2d 305 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either

5

prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id*. at 697, 104 S. Ct. at 2069.

### III. DISCUSSION

Petitioner asserts essentially three grounds upon which she argues the Court should vacate, set aside, or correct her sentence. Petitioner contends (1) she was a minor participant and was entitled to a downward adjustment based on United States Sentencing Guideline ("USSG") § 3B1.2; (2) she is entitled to a downward departure based on post-sentencing rehabilitation and diminished mental capacity; and (3) for her claims to be cognizable under § 2255, she implicitly argues ineffective assistance of counsel for the failure to raise these objections at the time of her sentencing.

With the exception of a claim of ineffective assistance of counsel, a petitioner procedurally defaults a claim by failing to raise it on direct review. *See Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 1610, 140 L. Ed. 2d 828 (1998). Petitioner did not include these objections in her appeal of the calculation of her sentence.[2] A procedurally defaulted claim may only be

---

[2]While neither of her claims make reference to alleged ineffective performance on the part of her attorney, the Court will treat the two issues as if she framed them as ineffective assistance of counsel claims.

6

raised in a § 2255 motion if the petitioner can first demonstrate either (1) "cause" to excuse his failure to raise the claim previously and actual "prejudice" resulting from the alleged violation, or (2) "actual innocence." *Id.* at 622, 118 S. Ct. at 1611; *Peveler v. United States*, 269 F.3d 693, 698-700 (6th Cir. 2001). Petitioner has not attempted to demonstrate "cause" or "actual innocence."

Nevertheless, the Court will proceed to address the merits of Petitioner's claims because Petitioner would not be entitled to relief on her claims even if they had not been procedurally defaulted.

### A. Adjustment for Minor Participant

Petitioner alleges "[i]nvestigations and evidence supports Petitioner's claim of a minor role." In support, Petitioner states she "had only been involved on site at the purported methamphetamine lab for a matter of days" and "was not alleged to have had any role in the procurement of chemicals or product for the manufacture of methamphetamine" (Court File No. 1, p. 1). Petitioner alleges the evidence does not support her "to be anything more than a user as evidenced by her conviction of a single count indicted" (*Id.*). Petitioner failed to raise this issue at sentencing or on direct appeal. Such a claim is not cognizable under § 2255, and even if it were, the claim is without merit for the reasons stated below.

As briefly stated above, where an alleged error could have been asserted on direct appeal but was not, it is considered procedurally defaulted and petitioner must demonstrate "cause" for her failure to previously raise the issue, and also must demonstrate "actual prejudice" resulting from her failure to present the claim on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Peveler v. United States*, 269 F.3d 693 (6th Cir. 2001). Courts are entitled to presume that once a direct appeal has been decided, a defendant stands "fairly and finally convicted," and thus

absent a showing of "cause and actual prejudice," raising a claim pursuant to § 2255 will not substitute for raising the claim on direct appeal. *Frady*, 456 U.S. at 168. Finally, an allegation unsupported by the record is insufficient to establish prejudice. *Ross v. United States*, 339 F.3d 483 (6th Cir. 2003). Petitioner failed to raise this issue at sentencing or on appeal, thus she has defaulted this issue. Petitioner has not claimed any prejudice and cannot show any prejudice. As the following paragraphs show, Petitioner was not a minor participant, the Court did not err, and there is no prejudice.

With this allegation, Petitioner is arguing that the Court incorrectly applied the Sentencing Guidelines. Thus, she is not claiming that the Court violated a constitutional right. Therefore, this allegation is not cognizable under § 2255 unless Petitioner can show a fundamental defect that resulted in a complete miscarriage of justice or an egregious error violating her due process rights. As the following paragraphs set out, the Court correctly applied the Guidelines and there is clearly no fundamental defect in the proceedings.

At sentencing, Petitioner had the burden of proving, by a preponderance of the evidence, she was entitled to the reduction. *United States v. Bartholomew*, 310 F.3d 912, 924 (6th Cir. 2002), cert. denied, 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003). "[F]or purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, *comment.* (n.3).

The Sixth Circuit has noted "[t]he salient issue is the role the defendant played in relation to the activity for which the court held him or her accountable." *United States v. Campbell*, 279 F.3d 392, 396 (6th Cir. 2002) (quoting *United States v. Roper*, 135 F.3d 430, 434 (6th Cir. 1998), cert. denied, 524 U.S. 920, 118 S.Ct. 2306, 141 L.Ed.2d 165 (1998)). Moreover, "a defendant who

8

plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *United States v. Salgado*, 250 F.3d 438, 458 (6th Cir. 2001); *citing United States v. Latouf*, 132 F.3d 320, 332 (6th Cir. 1997)("A defendant whose participation is indispensable to carrying out the plan is not entitled to a role reduction.").

Petitioner played a key role in the conspiracy, as stipulated in the factual basis contained within her plea agreement, which states that "[Co-defendant] Dick provided the location and shared in the finished product, while Ritchie and Layne acquired the chemicals" (Crim. Court File No. 36, ¶ 8). Not only was Petitioner providing the chemicals for manufacturing methamphetamine, but Petitioner also admitted in her plea agreement she and Ritchie had manufactured methamphetamine in Dick's apartment on more than one occasion (*Id.*). Ample evidence exists in the record to show Petitioner was more than a minor participant. Counsel was not deficient in failing to raise this claim, nor was Petitioner prejudiced by its omission. Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

### B. Downward Departure Based on Post-Sentencing Rehabilitation and Diminished Mental Capacity

Petitioner also requests a "substantial downward departure" under USSG § 5K2.19 based on "post-conviction rehabilitation efforts" and under USSG § 5K2.13 due to her "diminished mental capability at the time of her offense as a result of her documented, long term, involuntary substance addiction" (Court File No. 1, p. 2). Again, this claim does not allege a violation of a constitutional right. As stated above, in order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due

9

process." *Gall*, 21 F.3d at 109. As the following paragraphs show, there was no fundamental defect in the proceedings which would justify relief.

### 1. *Post Conviction Rehabilitative Efforts*

Petitioner is not entitled to a downward departure based on her post-conviction rehabilitative efforts under USSG § 5K2.19. On November 1, 2000, the United States Sentencing Commission amended §5K2.19, by adding a Post-Sentencing Rehabilitative Efforts Policy Statement. Petitioner was sentenced on October 5, 2001, after the amendment was in effect.

Generally, according to 18 U.S.C. § 3553(a)(4), a sentencing court uses the Guidelines in effect at the time of sentencing unless *ex post facto* considerations intervene. *United States v. Nagi*, 947 F.2d 211 (6th Cir. 1991). The 2001 version of USSG § 5K2.19, under which Petitioner was sentenced, reads as follows:

> Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense. (Such efforts may provide a basis for early termination of supervised release under 18 U.S.C. § 3583(3)(1).)

This policy thus eliminated the downward departure for post-sentencing rehabilitation efforts. Even if Petitioner were before the Court for resentencing, which she is not, post-sentencing rehabilitation would not be a ground for departure. Therefore, her claim is without merit.

### 2. *Diminished Mental Capacity*

Petitioner also contends she suffered from a "diminished mental capability" during the commission of her offense and is eligible for a downward departure under USSG § 5K2.13. At the time of the instant offense, Petitioner was apparently regularly using methamphetamine. According

10

to Petitioner's Presentence Report, from 1994 to 1997 she had a five-hundred-dollar-per-week addiction to crack cocaine and alcohol and from 1997 forward, she reported daily use of methamphetamine (Crim. Court File No. 55, Sentencing Transcript, p. 79; *see also* PSR ¶ 48).

Even if the court assumes Petitioner suffered a diminished mental capacity at the time of the offense, the diminished mental capacity was due to a voluntary drug addiction. The Guidelines clearly state "the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants." USSG § 5K2.13. Therefore, Section 5K2.13 is not applicable in this case. As Petitioner states no ground on which she is entitled to a downward departure, the Court will **DENY** Petitioner's claim for relief on this ground.

### C. Ineffective Assistance of Counsel

As mentioned above, for these two claims to be cognizable under § 2255, each claim should have been styled as ineffective assistance of counsel claim. Therefore, implicit in Petitioner's argument is a claim that her trial and appellate counsel was ineffective for failing to move for a minor role reduction or a downward departure based on diminished mental capacity. As outlined in detail above, Petitioner must pass the Supreme Court's two-part test for determining when assistance of counsel is ineffective. *Strickland,* 466 U. S. at 686-87.

Petitioner cannot show her counsel's performance fell below professional standards, nor can she show but for counsel's errors, she would have gone to trial. As discussed above, each claim for downward departure is without merit, and counsel is not required to raise frivolous claims.

"Counsel's decision not to raise a particular issue is not grounds for an ineffective assistance claim if it can reasonably be considered without merit." *Range v. United States*, 25 F.3d 1049

11

(Table), 1994 WL 252643 (6th Cir. June 9, 1994) (unpublished). Counsel did make objections to the presence report and continued those objections at sentencing and on appeal (Crim. Court File No. 55, Sentencing Transcript, p. 21-27). In *United States v. Khalife*, 954 F.Supp. 1168 (E.D. Mich. 1997), the court recognized "many counsel believe that the 'credibility' or persuasiveness of the best argument for departure is somewhat diminished by also attempting to argue grounds for departure which counsel may not believe to have much merit."

Therefore, the Court finds Petitioner had no meritorious claim and counsel cannot be deemed ineffective for failing to raise meritless claims. Counsel is not required by the Constitution to raise frivolous defenses or arguments in order to avoid a charge of ineffective assistance of counsel. *See Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986). Accordingly, the Court will **DENY** Petitioner's claim for relief on this ground.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court holds Petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States, and the motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court must now consider issues that may arise if Petitioner files a notice of appeal. Section 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion.[3] Section 2255 now incorporates the old habeas procedure of issuing or denying a

---

[3]The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)(3), does not apply to appeals of orders denying § 2255 motions. *Hereford v. United States*, 117 F.3d 949, 951 (6th Cir. 1997); *cf. McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases). Rather, to seek leave to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $105 filing fee required by 28 U.S.C. §§

12

certificate of probable cause, now renamed a certificate of appealability. No § 2255 petitioner may appeal without this certificate. District judges may issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394, 77 L. Ed. 2d 1090 (1983). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893, 103 S. Ct. at 3394. *See also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846, 78 S. Ct. 71, 2 L. Ed. 2d 56 (1957)).

In this case, Petitioner's claims are clearly without merit, and she cannot present a question of some substance about which reasonable jurists could differ. The Court therefore will **DENY** a certificate of appealability (Court File No 2).

Fed. R. App. P. 24(a) further requires the district court to certify in writing whether an appeal would be taken in good faith. For the same reasons the Court denies a certificate of appealability, the Court determines any appeal in this case would not be taken in good faith. It is therefore

---

1913 and 1917, the prisoner must seek permission from the district court under Rule 24(a) of the Federal Rules of Appellate Procedure. *Hereford*, 117 F.3d at 952. If the motion is denied, the prisoner may renew the motion in the appellate court.

13

**CERTIFIED**, pursuant to Fed. R. App. P. 24(a), any appeal in this matter by Petitioner is not taken in good faith, and she may not proceed on appeal *in forma pauperis*. *United States v. Atkins*, 171 F. Supp. 2d 769 (W.D. Tenn. 2001). No certificate of appealability will issue as Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**